# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

MORGAN D. BAINBRIDGE *et al. vs.* JOSEPH T. GEHRING *et al.*

### January Term, 1869.

G. W. B. and C. entered into an agreement to form a joint stock company for the purpose of mining coal, &c. G. and W. put in 137 acres of land and they all jointly put in another tract of 463 acres, which were to constitute the basis of the company. The capital stock was to be sixty thousand dollars, divided as mentioned in the agreement. It was stipulated in the agreement that G. and W. were to receive from the profits of the first coal sent to market eight hundred and ten dollars of the company's money as a recompensation for the excess in value of the 137 acres over the 463 acres. Before any profits were realized the lands were sold. HELD:

1. G. and W. would be entitled to receive the said sum of eight hundred and ten dollars from the proceeds of the sale of the lands if sufficient to pay them, but the remainder of the stockholders would not be personally liable to G. and W. for the respective proportions of the eight hundred and ten dollars, unless they had actually received the proceeds of the sale of the lands or the profits of the coal sent to market.

2. As the bill of G. and W., to compel the other stockholders to pay their respective proportions of the said sum, did not charge that any profits were received, or that the other stockholders had received the proceeds of the sale of the lands, it must be dismissed.

This cause arose in Taylor county, in 1864. The opinion of the judge contains a statement of the material facts.

*N. Richardson* and *W. G. Brown* for the appellants.

MAXWELL, J. Ignatius Gehring, Hiram Winchester, Morgan D. Bainbridge, William Corothers and Samuel Corothers entered into a contract in writing to form a joint stock company under the name of the Whiteday Cannel

Coal and Oil Company. Gehring and Winchester were the owners of a tract of 137 acres of land, and the five parties were together the owners of another tract of 463 acres, which were to form the basis of the company. The capital stock was to be 60,000 dollars, divided into 600 shares to be divided as mentioned in the agreement.

The contract contained the following stipulation: "And it is further agreed that the said Gehring and Winchester shall receive from the profits of the first coal that is sent to market 810 dollars of the company's money as a recompensation for the excess which the said Gehring and Winchester paid for the above named 137 acres of land over the four dollars and nine cents per acre for the last named tract of 463 acres."

The parties afterward applied to the circuit court of Taylor county and obtained a charter according to the terms of the agreement.

Shortly after the charter was obtained the company sold the lands held by it to another company, and after this, Gehring, in his own right and as assignee of Winchester, filed his bill to recover from the other parties the said sum of 810 dollars, and the court rendered personal decrees against Bainbridge and William and Samuel Corothers each for 124 dollars and $33\frac{1}{3}$ cents, their relative proportion of the sum of 810 dollars, according to the stock held by them respectively in the said company. From this decree they have appealed.

The parties, by their agreement, did not contemplate that the appellants Bainbridge and the two Corothers should be personally liable to the parties for the 810 dollars, but the sum was to be paid from the profits of the first coal that was sent to market out of the company's money. But it is charged in the bill and admitted in the answer that before any profits were realized the lands were sold. This being true then Gehring and Winchester would be entitled to receive the sum from the proceeds of the sale of the property if it sold for sufficient to pay them, but in neither aspect would the appellants be liable personally, unless they had

actually received the proceeds of the sale in the one case or the profits of the coal sent to market in the other.

The bill does not charge that any profits were made on coal shipped and that such profits were received by the appellants, nor is it charged in the bill that the appellants received the proceeds of the sale of the property or any part thereof.

The bill, therefore, shows no ground for relief against the appellants, and should have been dismissed on the hearing.

The order of this court will, therefore, be to reverse the decree complained of, with costs to the appellants, and proceeding to enter such decree, as the court below ought to have rendered, will dismiss the bill with costs.

Judges Berkshire and Brown concurred, but Judge Brown was of opinion to remand the cause with leave to amend the bill if desired.

DECREE REVERSED.